IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACIE M. GARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-cv-0228-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A.  Introduction and Background

Before the Court is Stacie Gary's March 2010 petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Analysis of the petition begins with an overview of the procedural history of the underlying criminal case, *United States v. Gary* (Case No. 08-cr-30169-MJR).

Via a six-count indictment (counts 1, 3, 4, 5 and 6 as to Gary) issued July 25, 2008, Gary was charged with one count of bankruptcy fraud (concealing assets) in violation of 18 U.S.C. § 152(1); two counts of bankruptcy fraud (false statements) in violation of 18 U.S.C. § 152(3); one count of bankruptcy fraud (false statements under oath) in violation of 18 U.S.C. § 152(2); and one count of mail fraud in violation of 18 U.S.C. § 1341.

On January 13, 2009, Gary pleaded guilty, with the benefit of a written plea agreement. On June 26, 2009, the undersigned Judge sentenced Gary to a total term of 21 months on each of Counts 1, 3, 4, 5 and 6, to be served concurrently, 3 years' supervised

release, a $500.00 assessment and restitution in the amount of $44,642.20. Judgment was entered accordingly on July 8, 2009.

Gary appealed but then moved to withdraw the appeal. In March 2010, the United States Court of Appeals for the Seventh Circuit granted Gary's motion and dismissed the appeal.

In March 2010, Gary moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The motion survived threshold review in July 2010. The Court set a briefing schedule. Since Gary did not file a reply, the motion became ripe with the filing of the Government's response on August 9, 2010. For the reasons stated below, the Court denies Gary's request for relief and dismisses her § 2255 petition.

An evidentiary hearing is not warranted. Gary asserts ineffective assistance claims. Such claims often require an evidentiary hearing, "because they frequently allege facts that the record does not fully disclose." *Osagiede v. United States*, **543 F.3d 399, 408 (7th Cir. 2008).** But the issues raised here can be resolved on the existing record, which conclusively demonstrates that Gary is entitled to no relief. *See* **Rule 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS;** *Almonacid v. U.S.*, **476 F.3d 518, 521 (7th Cir.),** *cert. denied,* **551 U.S. 1132 (2007);** *Gallo-Vasquez v. U.S.*, **402 F.3d 793, 797 (7th Cir. 2005);** *Galbraith v. U.S.*, **313 F.3d 1001, 1010 (7th Cir. 2002).** Stated another way, Gary has not alleged facts that, if proven, would entitle her to relief. *See Sandoval v. U.S.*, **574 F.3d 847, 850 (7th Cir. 2009).**

B. **Analysis of § 2255 Petition**

■■ APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2255 authorizes a federal prisoner to ask the court which sentenced her to vacate, set aside or correct her sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law."

Relief under § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *See, e.g., Corcoran v. Sullivan*, **112 F.3d 836, 837 (7th Cir. 1997)(§ 2255 relief is available only to correct "fundamental errors in the criminal process").** Section 2255 has been described as "the federal-prisoner substitute for habeas corpus." *U.S. v. Boyd*, **591 F.3d 953, 955 (7th Cir. 2010).** *Accord Washington v. Smith*, **564 F.3d 1350, 1351 (7th Cir. 2009)(referring to a § 2255 petition as "the federal prisoner's equivalent to a § 2254 petition attacking a criminal judgment entered by a state court").**

As the Seventh Circuit has declared, § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, **366 F.3d 593, 594 (7th Cir. 2004).** *Accord Prewitt v. United States*, **83 F.3d 812, 816 (7th Cir. 1996)("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations").** And § 2255

cannot be used as a substitute for a direct appeal or to re-litigate issues already raised on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). *Accord Sandoval*, 574 F.3d at 850 ("claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal").

In the case at bar, Gary tenders three grounds for § 2255 relief, all three premised on ineffective assistance of counsel (Doc. 1, p. 4):

> (1) her lawyer did not understand bankruptcy law;
> (2) her lawyer rushed her through things and did not explain things to her properly; and
> (3) her lawyer lied to her about her possible sentence and harassed her into pleading guilty when there was insufficient evidence against her.

The Sixth Amendment to the United States Constitution accords criminal defendants the right to effective assistance of counsel. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1925 (March 22, 2010), *citing Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). To prevail on a claim of ineffective assistance, a defendant must prove two things (a) that her attorney's performance was objectively unreasonable *and* (b) that she (the defendant/petitioner) suffered prejudice as a result of this constitutionally deficient performance. *Wyatt*, 574 F.3d at 457-58; *United States v. Peleti*, 576 F.3d 377, 383 (7th Cir. 2009); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This first requirement of this dual test is referred to as "the performance prong" and the second as the "prejudice prong." <u>As to the performance prong</u>, a § 2255 petitioner must overcome a "strong presumption that [her] counsel's conduct falls within

the wide range of reasonable professional assistance." *Wyatt*, **574 F.3d at 458,** *quoting* *Strickland*, **466 U.S. at 687-88.** She must establish the specific acts or omissions she claims constitute ineffective assistance, and the Court then assesses whether those acts/omissions are outside the scope of reasonable legal assistance. *Id. See also United States v. Acox*, **595 F.3d 729, 734 (7th Cir. 2010),** *citing Williams v. Lemmon*, **557 F.3d 534 (7th Cir. 2009)(Deciding "whether counsel's services were beneath the constitutional floor requires consideration of what counsel did, as well as what he omitted.").**

Evaluation of counsel's performance is highly deferential. The reviewing court presumes reasonable judgment by counsel and must not second-guess counsel's strategic choices or "tactical decisions." *Valenzuela v. United States*, **261 F.3d 694, 699 (7th Cir. 2003).** Moreover, the court must "consider the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, ... [applying] a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Id.*

<u>As to the prejudice prong</u>, the defendant/petitioner must demonstrate a reasonable probability that, *but for counsel's errors*, the result of the proceeding would have been different. *Smith v. McKee*, **598 F.3d 374, 385 (7th Cir. 2010).** The inquiry focuses on whether the counsel's errors rendered the proceedings "fundamentally unfair or unreliable." *Valenzuela*, **261 F.3d at 699.** As explained below, all three of Gary's claims fail the *Strickland* test.

- ■ **INEFFECTIVE ASSISTANCE CLAIM: KNOWLEDGE OF BANKRUPTCY LAWS**

As to the first claim, that attorney John Stobbs was ineffective because he did not understand bankruptcy laws, Gary explains that she could not have had intent to commit fraud because she and her husband filed a Chapter 13 bankruptcy, and not a Chapter 7, so they were not entitled to discharge of their debt. But Gary has not demonstrated and cannot demonstrate that Stobbs's handling of bankruptcy law issues was objectively unreasonable. Quite the contrary, Stobbs showed extensive knowledge and understanding of the relevant bankruptcy laws.

Prior to the sentencing, Stobbs filed numerous documents with the Court objecting to the Presentence Investigation Report ("PSR"). On May 28, 2009, Stobbs filed a nine-paragraph memorandum objecting to the initial PSR (Doc. 52). On June 9, 2009, Stobbs filed an eight-page memorandum with five attachments, submitting that since Gary's debts had been discharged under Chapter 7 within eight years of the bankruptcy at issue here, Gary would have been prohibited from having her debts discharged had the Chapter 13 been converted to a Chapter 7. *See* Defendant's Memorandum in Support of Objections to the Presentence Investigation (Doc. 57). On that same day, Stobbs supplemented his initial memorandum with a four-paragraph memorandum, adding two more exhibits (Doc. 67). Stobbs argued that the $123,782.59 loss amount found by Probation was inappropriate and contended that the total maximum actual loss and restitution for Gary was $64,869.51 (Doc. 60 ¶ 4). The Government was persuaded by Stobbs's argument and reduced the total intended loss for terms of Gary's sentencing to $66,838.30 (Doc. 67).

Ultimately, the Court adopted the findings of the Government and Stobbs, when at sentencing, it found the loss to be between $20,000 and $70,000, for a six level increase and a potential advisory range of 15 to 21 months. Rather than falling below the objective standard of competence or prejudicing Gary, Stobbs, through his diligence, reduced her offense level by four points, with a concomitant reduction in her potential sentence.

There is simply no merit in Gary's claim that she was prejudiced by Stobbs's lack of knowledge of bankruptcy laws. Her claim of ineffective assistance of counsel as to this issue must fail.

■■ **INEFFECTIVE ASSISTANCE CLAIM : KNOWING AND VOLUNTARY PLEA**

Gary criticizes Stobbs for rushing her through things and not explaining things to her properly. She states that she and Stobbs were arguing every time they spoke and that she was told not to say anything except to answer the undersigned Judge's questions because bringing up anything would only get her more time.

The Court rejects this argument based on the record of the plea colloquy, which shows that the Court went to great lengths to satisfy itself that Gary understood and accepted her plea agreement before it found that her pleas were knowingly and voluntarily made.

Gary pled guilty pursuant to a written plea agreement (Doc. 30). The Court will enforce a plea if it is "made knowingly and voluntarily." ***United States v. Lockwood, 416 F.3d 604, 607-08 (7th Cir. 2005)(citations omitted)***. At the January 13, 2009, change of

plea hearing, the undersigned Judge thoroughly addressed, with Gary and her counsel, her understanding and acceptance of the plea agreement. Pointedly queried as to her understanding of her plea, Gary repeatedly indicated that she thoroughly understood.

> THE COURT: I want to make certain today that your decision to plead guilty is knowing, voluntary, not the product of any coercion, duress, undue influence, force or inappropriate promises. I want to make certain that you understand all of the consequences of pleading guilty and that you understand the rights that you are giving up by pleading guilty. If I accept your guilty plea here today, you will have given up or waived certain valuable Constitutional rights, as well as your right to a trial by jury.
>
> If at any time during our meeting today you don't understand something and you want me to repeat it or rephrase it, let me know and I will gladly do that. If you do not at any time want to proceed without speaking to your attorney confidentially, let me know and I will certainly take a break and you can speak to Mr. Stobbs confidentially. Okay?
>
> THE DEFENDANT: Okay.

Doc. 39, Plea transcript, 3:1-16.

The undersigned Judge then carefully discussed Gary's satisfaction with Stobbs's representation, the willingness of her plea and her acknowledgment of guilt as to the allegations in the counts. She assured the Court of her satisfaction, willingness and acceptance of responsibility.

> THE COURT: Are you fully satisfied with the counsel, representation and advice that Mr. Stobbs has given you in your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything that he has refused to do or been unwilling or unable to do with respect to defending you?
>
> THE DEFENDANT: No.

THE COURT: Has anyone used any threats, coercion, duress, promises, assurances or guarantees of any kind to get you to plead guilty other than what is in writing in your plea agreement?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty to Counts 1, 3, 4, 5, 6 of the Indictment because you are, in fact, guilty of everything alleged in the counts?

THE DEFENDANT: Yes. Plea transcript 7:11 -8:1.

Upon being instructed and questioned by the Court, Gary stated that she understood the guideline calculations and potential penalties.

THE COURT: The attorneys in this case believe after all factors are considered under the guidelines, you will have a total offense level of 14, criminal history category of 1, which would give you an advisory sentencing range of 15 to 21 months. Additionally, your potential fine would be $4,000 to $40,000. Additionally, because you are pleading to five counts, there will be a mandatory $500 special assessment or $100 per count. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: So on your best day, probation, worst day, 40 years. Sentencing guidelines, somewhere from 15 to 21 months. Bottom line, anywhere from probation to 40 years is where you will end up. As part of this agreement, the Government is agreeing to recommend the fine and sentence at the low end, so if I conclude the Government is correct and your attorney is correct, you are at 15 to 21 months and the Government will recommend the 15 months. That is merely a recommendation and I do not have to follow it. You understand that?

THE DEFENDANT: Yes.

THE COURT: As part of this agreement over on page eleven, you are agreeing not to ask me to sentence you outside the applicable range, so if I find that the attorneys are correct and it is a 15 to 21 month guideline calculation, you are not going to ask me to give you anything less than 15 months. You understand that?

THE DEFENDANT: Yes.

> THE COURT: On page 12 and 13, there is a lot of language about your appeal rights. Here is the bottom line. When I calculate the guideline range, if I happen to sentence within the guideline range, which, again, is an advisory range, but assume I do that. Let's say the 15 months rather than the 12. You are agreeing not to appeal the sentence I gave you, okay? You have to answer yes or no.
>
> THE DEFENDANT: Oh, okay.
>
> THE COURT: Whatever range I find, if I sentence you within the range, you are agreeing not to appeal. Only if I sentence you to any more than the top end of a range are you reserving your right to appeal. Understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: The Government reserves its right to appeal my sentence no matter what though. You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions at all about the plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: You think you understand everything in it?
>
> THE DEFENDANT: Yes.

Plea transcript, 9:1-10:22.

The Court delineated each count against Gary, and she agreed that the Government could prove all elements beyond a reasonable doubt.

> THE COURT: Okay. Now as to Count 1, the Government has to prove five things against you beyond a reasonable doubt. First, that a bankruptcy case existed; second, that you knowingly and fraudulently concealed from the trustee or other officer of the Court charged with the control or custody of property from creditors, property that belonged to the estate of the debtor. Do you agree they can prove those things against you as to Count 1 beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

> THE COURT: As to Count 3 and 4, which I will refer to as bankruptcy fraud, making a false statement, the Government has to prove five things: That the bankruptcy case existed; second, that you knowingly and fraudulently made; third, a declaration, certificate, verification or other statement in relation to the bankruptcy proceeding as permitted under 28 U.S.C. Section 1746, that was false as number four, and as number five, as to a material matter. Do you agree they can prove those five things against you beyond a reasonable doubt as to Counts 3 and 4?
>
> THE DEFENDANT: Yes.
>
> THE COURT: As to Count 5, which I talked about I call bankruptcy fraud, false oath; to sustain the charge of false oath the Government has to prove five things, again, beyond a reasonable doubt. First, the bankruptcy case existed, second, you made a statement under oath in it, third, it was as to a material fact, fourth, it was false, and five, it was made knowingly; that is you knew it was false when it was made and fraudulent and that it was made with intent to defraud. Do you agree the Government can prove those five things against you as to Count 5 in the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: As to Count 6, which I refer to as mail fraud, the Government has to prove two things against you, again, beyond a reasonable doubt. One, that you devised or intended to devise a scheme to defraud or to perform specific fraudulent acts, and second, that you used the mail for the purpose of executing or attempting to execute the scheme or the specified fraudulent acts. Do you agree the Government can prove those two things against you as to Count 6 beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

Plea transcript, 13:9-14:24.

The record reflects the lengths to which the Court went to make sure that Gary understood and accepted the plea agreement. Nothing in Gary's petition alters the Court's conviction that her plea was knowing and voluntary.

### ■■ INEFFECTIVE ASSISTANCE CLAIM: LIED TO AND HARASSED INTO PLEADING

As with Gary's second claim for relief, her claim that she was lied to and

harassed into pleading is essentially a claim that her plea was not knowing and voluntary. Also, as with her second claim for relief, this claim is patently meritless.

Gary's claim is belied by her own statements at the change of plea hearing, which are presumed truthful. *Bridgeman v. United States*, **229 F.3d 589, 592 (7th Cir. 2000)**, *citing United States v. Standiford*, **148 F.3d 864, 868 (7th Cir.1998)**. In *Bridgeman*, as in the current proceeding, the court went through the plea agreement with the petitioner paragraph by paragraph to ensure that he understood it. *Id.* The court carefully explained, and made sure the petitioner was aware of, the consequences of his guilty plea. *Id.* In spite of petitioner allegedly being misled by counsel regarding a lesser sentence, the Court found that his attorney's representation did not render his plea unwitting or involuntary. *Id.*

As set forth above, Gary pled guilty after a thorough plea colloquy, the adequacy of which she does not dispute. The Court explained the plea agreement in its entirety and informed Gary that she would be precluded from seeking a sentence outside the applicable guideline range of 15-21 months further explained each element of every count. Gary expressly denied that threats, coercion, duress, promises, assurances or guarantees of any kind were made to induce her to plead guilty. The Court is watchful and quick to discern any discomfort or uncertainty in a defendant's speech or demeanor. Instead, Gary exhibited an understanding of the charges and possible penalties, and knowingly and voluntarily pled guilty.

So, although Gary now claims differently, she was carefully counseled prior to her plea. Even if Stobbs were ineffective, which the Court by no means finds, no

additional information could have been provided to impact her decisionmaking that was not given by the Court. The bare assertion that she would not have pled guilty if she had not been lied to and harassed is insufficient. Under *Strickland*, Gary must show a "reasonable probability" that she would not have done so. **Taylor v. United States, 2007 WL 128003, at \*10 (N.D.Ill. 2007),** *citing Key v. United States,* **806 F.2d 133, 138** *et seq.* **(7th Cir.1986);** *see also McCleese v. United States,* **75 F.3d 1174, 1179 (7th Cir.1996),** *citing Toro v. Fairman,* **940 F.2d 1065, 1068 (7th Cir.1991) (demanding objective evidence of this probability rather than self-serving assertions)**. That she has failed to do. Gary's statements at the colloquy are presumed truthful, and she cannot now argue to the contrary.

### C.  Conclusion

For all of these reasons, the Court **DENIES** Gary's request for relief and **DISMISSES** her § 2255petition.

**IT IS SO ORDERED.**

**DATED this 1st day of December, 2010**

                                        s/Michael J. Reagan
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**